IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06cr277-WKW |
| | ) | WO |
| MAURICE COX, | ) | |

**ORDER ON MOTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held in this case on November 28, 2006. As there is probable cause to believe that defendant committed a 10+ year drug offense, there is a rebuttable presumption of detention in this case pursuant to 18 U.S.C. §3142(e).

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant has a history of arguments and violence, with seven prior charges for assault or menacing and one prior charge for harassing communications. Further, police found defendant in an altercation with a female when they responded to a "shots fired" call and arrested the defendant on May 2, 2006. Defendant has a prior charge for carrying a pistol without a permit and, on May 2, 2006, police found a short barreled ("sawed off") shotgun and numerous rounds of ammunition of different calibers in a room rented to and apparently inhabited by defendant.[1] Defendant has a substance abuse problem, and he has been charged with a number of substance-related offenses (three DUI charges, a public intoxication charge, two possession of marijuana

---

[1] Defendant has a previous felony conviction.

charges, and a pending possession of a controlled substance charge). Defendant has also been charged with possession with intent to distribute marijuana; he has a felony conviction for unlawful distribution of a controlled substance; he allegedly sold crack cocaine to an undercover officer in March 2006; and he was found with 6.29 grams of crack in his possession in May 2006. He is not employed, and his residence is unclear (he allegedly lives with his son, but apparently has rented a room elsewhere). Defendant's release plan involves living in a home in which five children reside. Based on defendant's combined history of arguments and violence, weapons possession, substance abuse, and drug sales, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 1st day of December, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE